UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JOHNSON, | CV F   06-00180 OWW DLB HC |
|       Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS AND ORDER GRANTING RESPONDENT'S REQUEST FOR MODIFICATION OF SCHEDULING ORDER |
|    v. | |
| JAMES YATES, | [Docs. 10, 11] |
|       Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

Petitioner was convicted of two counts each of second degree robbery, receiving stolen property, and false imprisonment and one count each of burglary, and felon in possession of a firearm. There were also a number of sentencing enhancements that were found true. Petitioner received seven consecutive indeterminate state prison terms of twenty-five years to life and a total of twenty-two years in determinate prison terms. (Respondent's Lodged Docs. 1-2.)

Petitioner filed a notice of appeal. On April 27, 2000, the California Court of Appeal, Fifth Appellate District affirmed the judgment, with the exception of reversing one of the receiving stolen property convictions. (Respondent's Lodged Doc. 2.) Petitioner did not seek review at the California Supreme Court.

Petitioner subsequently filed nine *pro se* state post-conviction collateral challenges.

1

Petitioner filed his first state habeas corpus petition on June 21, 1999 in the Fresno County Superior Court. (Lodged Doc. 3.) The petition was denied on July 2, 1999. (Lodged Doc. 4.)

Petitioner filed a second state habeas corpus petition in the Fresno County Superior Court on November 14, 2000. (Lodged Doc. 5.) The petition was denied on November 21, 2000. (Lodged Doc. 6.)

Petitioner filed a third petition for writ of habeas corpus in the Fifth District Court of Appeal on December 19, 2000. (Lodged Doc. 7.) The petition was denied on August 9, 2001. (Lodged Doc. 8.)

Petitioner filed a fourth petition for writ of habeas corpus in the California Supreme Court on August 16, 2001. (Lodged Doc. 9.) The petition was denied on January 29, 2002. (Lodged Doc. 10.)

Petitioner filed a fifth petition for writ of habeas corpus in the Fresno County Superior Court on May 18, 2004. (Lodged Doc. 11.) The petition was denied on May 25, 2004. (Lodged Doc. 12.)

Petitioner filed a sixth petition for writ of habeas corpus in the Fifth District Court of Appeal. (Lodged Doc. 13.) The petition was denied on October 21, 2004. (Lodged Doc. 14.)

Petitioner filed a seventh petition for writ of habeas corpus in the Fresno County Superior Court on November 2, 2004. (Lodged Doc. 15.) The petition was denied on November 12, 2004. (Lodged Doc. 16.) Petitioner filed a petition for rehearing on November 23, 2004, which was denied on November 30, 2004. (Lodged Docs. 17, 18.)

Petitioner filed an eighth petition for writ of habeas corpus in the Fifth District Court of Appeal on January 20, 2005. (Lodged Doc. 19.) The petition was denied on January 27, 2005. (Lodged Doc. 20.)

Petitioner filed a ninth petition for writ of habeas corpus in the California Supreme Court on February 7, 2005. (Lodged Doc. 21.) The petition was denied on January 4, 2006. (Lodged Doc. 22.)

Petitioner also filed a prior federal petition for writ of habeas corpus challenging the same conviction on February 6, 2002. See CV-F-02-5144 OWW TAG HC. The petition was denied

1. on the merits on January 21, 2004.  (Court Docs. 23-26.)

2. Petitioner filed the instant petition for writ of habeas corpus on February 17, 2006. Respondent filed the instant motion to dismiss on June 13, 2006, along with a motion for the modification of the briefing schedule.  (Court Docs. 10, 11.)  Petitioner filed an opposition to the motion to dismiss on July 18, 2006.  (Court Doc. 12.)

6. Initially, in its motion for modification of the briefing schedule, Respondent acknowledges that the briefing schedule set forth by the Court's order of March 15, 2006, set a deadline for any motion to dismiss to be filed by May 14, 2006, and an answer to be filed by June 13, 2006.  Respondent submits that upon receipt of the Court's March 15, 2006, order, counsel began researching and obtaining any prior state or federal flings by Petitioner.  Counsel received copies of the state filings sporadically during the months of March through May 22, 2006, and then immediately began preparing a motion to dismiss, "only to realize that the state habeas actions that were received as a result of the processing of the prior federal habeas action were not include with the prior federal habeas file.  Accordingly, Respondent immediately requested copies of those documents from the state courts."  Respondent received the last of those petitions the morning of June 13, 2006.  Accordingly, Respondent requests that the Court amend the briefing schedule.

18. Good cause having been demonstrated, Respondent's request for modification of the briefing schedule is GRANTED, and the instant motion is deemed timely filed as of June 13, 2006.

## DISCUSSION

A. <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing § 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(b)'s proscription against successive petitions and 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Successive Petition

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words,

Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reasons versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

As previously stated, Petitioner previously filed a federal petition for writ of habeas corpus in this Court on February 6, 2002, challenging the same conviction. See Johnson v. Scribner, CV-F-02-5144 OWW TAG HC. The petition was denied on the merits, after the Report and Recommendation was adopted in full, and judgment was entered in favor of Respondent. (Court Docs. 58, 63, 65.) Accordingly, the instant petition challenging the same conviction is successive. Petitioner's claim that he is currently challenging a sentencing discrepancy under California's Three Strikes law, is still a challenge to his underlying conviction and sentence. Because there is no indication that Petitioner has obtained or been granted permission by the Court of Appeal to file a second or successive petition in this Court, the instant petition must be dismissed, without prejudice to refiling if Petitioner obtains the necessary order. In addition, for the reasons explained below, the instant petition is time-barred.

C.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117

S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 17, 2006, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the California Court of Appeal affirmed Petitioner's conviction on April 27, 2000, with the exception of reversing one of the receiving stolen property convictions. Petitioner did not file a petition for review. According to the Rules of Court, a decision becomes final thirty (30) days after filing, and an appeal must be taken to the California Supreme Court within ten (10) days of finality. Cal.R.Ct. 24(a), 28(b); Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). Therefore, Petitioner's direct review concluded forty days thereafter on June 6, 2000, and commenced running on June 7. 2000. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure

governs the calculation of statutory tolling applicable to the one year limitations period.) Thus, the last day to file a federal petition for writ of habeas corpus was June 6, 2001, plus any time for tolling.

D.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214 (2002), the United States Supreme Court rejected the Ninth Circuit's view that where a state court denies the petition on both procedural grounds and on the merits, the fact that the state court addressed the merits warranted tolling under § 2244(d)(2). The Supreme Court stated:

> Given the variety of reasons why the California Supreme Court may have included the words "on the merits," those words cannot by themselves indicate that the petition was timely. And the Ninth Circuit's apparent willingness to take such words as an absolute bellwether risks the tolling of the federal limitations period even when it is highly likely that the prisoner failed to seek timely review in the state appellate courts. . . . The Ninth Circuit's rule . . . threatens to undermine the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.

Saffold, 536 U.S. at 226 (citations omitted.) The Supreme Court also emphasized that only a "timely" appeal tolls the AEDPA's statute of limitations period, and that "unreasonable" delays are not "timely." Id. at 214. In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 126 S.Ct. 846, 852 (2006). However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination. Id.

1.     No Tolling During Period First State Collateral Action Was Pending

As Respondent correctly argues, the limitations period commenced running on June 7, 2000. The first petition was filed on June 21, 1999, which was denied on July 2, 1999. (Lodged Docs. 3, 4.) Because this petition was filed prior to the time that the statute of limitations began

to commence, it does not have any tolling effect. See Hill v. Keane, 948 F.Supp. 157, 159 (E.D.N.Y.1997).

### 2. No Tolling For Period Between Denial Of First Petition And Filing of Second Petition

Petitioner filed the second post-collateral petition again in the Fresno County Superior Court on November 14, 2000, which was denied on November 21, 2000. (Lodged Docs. 5, 6.)

The time that a state application is "pending" includes the period between a lower court's denial of relief and filing in a higher court, provided that the filing in the higher court is timely under state law. Carey v. Saffold, 536 U.S. 214 (2002).

Respondent submits that the delay of over sixteen months between the denial of the first petition and the filing of the second petition was unreasonable. However, the Court of Appeal did not deny Petitioner's direct appeal until April 27, 2000, and as explained above, the statute of limitations did not begin to run until June 7, 2000. Petitioner is not entitled to interval tolling from the date of finality of direct review to the filing of his collateral petition on November 8, 2000 (application of the mailbox rule), as there was no petition "pending." Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). Accordingly, Petitioner is not entitled to interval tolling from the date the statute of limitations began to run to filing the second petition for writ of habeas corpus at the Fresno County Superior Court, and the statute of limitations ran for 154 days.

### 3. The Limitations Period That Lapsed Before State Collateral Actions Filed

As stated, the limitations period commenced running on June 7, 2000, and it continued to run until November 8, 2000, the date the second state post-conviction petition was filed under the mailbox rule, resulting in 154 days of the initial one-year period expiring as of the time the second state habeas petition was filed.

### 4. Tolling During Period Second Through Fourth Petitions Were Pending In State Court

Respondent does not argue that the second through fourth petitions were improperly filed or not entitled to interval tolling; therefore, Petitioner is entitled to tolling under the mailbox rule from November 8, 2000 (the date the second petition was filed) through January 29, 2002 (the

date the fourth petition was denied). (Lodged Docs. 5-10.) See Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005). Petitioner is entitled to an additional 30 days under Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001).[1]

### 5. No Tolling For Period Between Denial Of Fourth Petition And Filing Of Fifth Petition

As Respondent argues, Petitioner is not entitled to tolling for the period between February 28, 2002 (fourth petition denied, plus Bunney time), and May 15, 2004, (the date the fifth petition was filed under the mailbox rule). Petitioner delayed over two years before filing the fifth petition after the fourth petition was denied. Again, Petitioner has not provided any justification for the lengthy delay which is over four times longer than the delay in Chavis. Accordingly, Petitioner is not entitled to tolling from February 28, 2002 to May 15, 2004.

Moreover, as Respondent correctly submits, the denial of the fourth petition by the California Supreme Court concluded Petitioner's first round of challenges. (Lodged Doc. 10.) Petitioner then began a new round of challenges with the filing of his fifth petition in the Fresno County Superior Court. (Lodged Doc. 11.) Nino v. Galaza, 183 F.3d at 1005-06, provides for tolling only for "one complete round" in the state's appellate court system, which does not include the gap between the conclusion of the first series of filings that proceed up the state court hierarchy and the beginning of the second series. See also Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (once habeas petition denied in California Supreme Court, petitioner "ceased to have an application for post-conviction review pending"). Thus, because Petitioner completed his first round with the denial of the fourth petition, he is not entitled to interval tolling for the time period between the denial of the fourth petition and the filing of his fifth petition.

C. Expiration of Limitation Period

As previously stated, 154 days of the one-year limitations period was used as of the date Petitioner's second habeas petition was filed. Further, because Petitioner is not entitled to tolling for the period between the denial of the fourth petition and the filing of the fifth and subsequent

---

[1] Bunney allows thirty additional days of tolling from the date of the denial of a post-conviction collateral petition by the California Supreme Court which issued before January 1, 2003.

9

petitions, the statute of limitations expired on September 26, 2002.

D.   Subsequent Post-Conviction Actions

Under the mailbox rule, Petitioner filed the earliest of his fifth through nine state post-conviction collateral challenges on May 15, 2004, over nine months after the statute of limitations expired. (Lodged Doc. 11.) It is well-established that the filing of a state collateral action after the expiration of the limitation period does not restart the clock at zero or otherwise save a claim from being time-barred. In other words, once the statute has run, a collateral action cannot revive it. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, his fifth petition, as well as the sixth through ninth petitions, fail to extend the statute of limitations as they were all filed after its expiration.

Additionally, the sixth and ninth petitions fail to toll the statute of limitations on an additional basis. In denying the sixth petition, the Court of Appeal found it to be "untimely." (Lodged Doc. 14.) The California Supreme Court, in citing to, inter-alia, In re Robbins, 18 Cal.4th 770, 780 (1998), found the ninth petition to be untimely filed. (Lodged Doc. 22.) Consequently, the sixth and ninth petitions are not considered properly filed as to provide for tolling within the tolling provisions of 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 125 S.Ct. at 1807 (a petition for writ of habeas corpus rejected by a state court as untimely is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA).

E.   Prior Federal Habeas Action Does Not Toll

As previously stated, Petitioner filed a prior petition challenging the same conviction and sentence. See Johnson v. Scribner, CV-F-02-5144 OWW TAG HC. This prior federal action does not extend the statute of limitations. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 2129 (2001) (federal petition for writ of habeas corpus does not qualify to toll the statute of limitations as it was not an "application for state post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2).

F.   Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.

1  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v.
2  United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997); (Beeler), 128
3  F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of
4  time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it
5  impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of
6  diligence, account for the failure to file a timely claim, equitable tolling of the statute of
7  limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
8  Petitioner bears the burden of alleging facts that would give rise to tolling.  Smith v. Duncan, 297
9  F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

10        Petitioner does not argue that he was prevented in any way from timely filing the federal
11  petition.  Accordingly, Petitioner is not entitled to equitable tolling and the petition remains
12  untimely.

13                                          RECOMMENDATION
14        Based on the foregoing, it is HEREBY RECOMMENDED that:
15  1.    Respondent's motion to dismiss the petition be GRANTED, and the habeas
16        corpus petition be DISMISSED with prejudice for Petitioner's failure to comply
17        with 28 U.S.C. § 2244(d)'s one year limitation period and 28 U.S.C. § 2244(b)'s
18        proscription against successive petitions.[2]

19        This Findings and Recommendations is submitted to the assigned United States District
20  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
21  the Local Rules of Practice for the United States District Court, Eastern District of California.
22  Within thirty (30) days after being served with a copy, any party may file written objections with
23  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
24  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
25  and filed within ten (10) court days (plus three days if served by mail) after service of the
26  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

---

[2] Although a dismissal based on the proscription against successive petitions, is without prejudice, because the instant petition is also untimely, the dismissal shall be with prejudice.

11

1  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
2  may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
3  Cir. 1991).
4     IT IS SO ORDERED.
5     **Dated:**    **August 30, 2006**            **/s/ Dennis L. Beck**
   3b142a                                       UNITED STATES MAGISTRATE JUDGE